Joseph **RANDAZZO**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 21131.

United States Court of Appeals
Fifth Circuit.

Oct. 21, 1964.

Clyde W. Woody, Houston, Tex., and Marvin F. Foster, Jr., Corpus Christi, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Woodrow Seals, U. S. Atty., William A. Jackson, and William B. Butler, Asst. U. S. Attys., Houston, Tex., for appellee.

Before HUTCHESON, RIVES and BROWN, Circuit Judges.

RIVES, Circuit Judge.

This is an appeal from an order of the United States District Court for the Southern District of Texas finding the defendant, appellant, guilty of a criminal contempt of court because he refused to answer certain questions while appearing as a witness before a grand jury. As punishment, the court sentenced the defendant, appellant, to imprisonment for a period of eighteen months to begin after the expiration of the period of imprisonment which he is now serving under the laws of the State of New York.

Prior to oral argument the appellee filed a motion to strike the setting of the case from this Court's docket and to continue it and to strike the appearance of counsel for the appellant. In its motion the appellee suggests that a conflict of interest exists which would deprive the appellant of effective counsel in this appeal.

The questions propounded by the grand jury which the appellant refused to answer were:

1. Do you know either Anthony Granza or Vincent Ferrara?

2. Have you ever had any dealings with Anthony Granza or Vincent Ferrara?

3. Have you ever had any dealings with narcotic drugs in which Vincent Ferrara or Anthony Granza were involved?

4. Do you know of any dealings or activities of any kind of Vincent Ferrara or Anthony Granza in any way pertaining to heroin?

At the defendant's hearing to show cause why he should not be held in contempt for refusing to answer the questions, after he had been granted immunity pursuant to statute, the district court appointed a member of the Corpus Christi Bar, Marvin Foster, Jr., Esquire, to represent the defendant.

However, on appeal Clyde Woody, Esquire, has appeared in this Court as attorney for the appellant and has written and filed the brief for his appeal. Mr. Woody is also attorney for Anthony Granza, who was jointly indicted with Vincent Ferrara and convicted of a violation of 21 U.S.C. § 174.

The appellee suggests that an actual or potential conflict of interest exists between the appellant and Anthony Granza which would operate to deprive the appellant of effective counsel on this appeal. More specifically, the appellee suggests that it may be in the interest of the appellant now to offer to answer the questions propounded to him regarding the activities of Anthony Granza and to seek judicial reconsideration of his sentence or executive clemency. On the other hand, the appellee suggests, it may be to the interest of Anthony Granza that the appellant remain silent.

In his answer to the appellee's motion, Mr. Woody states that he is solely interested in having the constitutionality of the procedure utilized by the district court determined by this Court or the Supreme Court.

It should be noted at the outset that the appellee has not suggested that Mr. Woody has deliberately or willfully engaged in any improper professional conduct. Instead, the appellee suggests that "it may well be that a substantial question of law exists as to the actual or potential conflict herein alleged."[1]

1. The appellee notes that Mr. Woody has at no time sought to conceal his interest or role in the case.

It would seem that Mr. Woody's dedication in challenging the constitutionality of the procedure utilized by the district court is wholly consistent with the interests of both the appellant and Mr. Granza. However, we believe that this challenge is only one facet of a complete representation of the appellant. A complete representation would include a meaningful consideration of the alternatives, suggested by the appellee, to challenging the constitutionality of the appellant's contempt conviction.

■ Mr. Woody states that the appellant specifically requested that he represent the appellant. However, we have recently recognized that "the Constitution assures a defendant effective representation by counsel whether the attorney is one of his choosing or court-appointed." Porter v. United States, 5 Cir. 1962, 298 F.2d 461, 463. There we noted that, although the accused is represented by counsel of his own choice, "[effective] representation is lacking * * * if counsel, unknown to the accused and without his knowledgeable assent, is in a duplicitous position where his full talents * * * are hobbled or fettered or restrained by commitments to others." Id. at 463. We cannot say that Mr. Woody is able to consider the alternatives, suggested by the appellee, unhobbled or unfettered or unrestrained by his commitments to another.

■ Mr. Woody states that, assuming there might be a conflict, it is apparent under the appellee's allegations and the questions propounded by the grand jury that appellant has had some extended connections with Mr. Granza which would indicate intimacy with the situation but that the appellant has not indicated any complaint regarding his representation. We note that the Supreme Court has stated that "the trial court should protect the right of an accused to have the assistance of counsel."[2] We think this admonition applies equally to appellate courts. Accordingly, when the case was called for argument, we heard from the appellee on its motion, and from Mr. Woody, and thereafter granted the motion to strike the appearance of Clyde W. Woody, Esquire, as counsel for the appellant, Joseph Randazzo.

The appellant then appeared through Marvin Foster, Jr., Esquire, the attorney who had represented him in the district court, and objected to the Court's action in striking the appearance of Mr. Woody. Mr. Foster adopted the briefs and pleadings theretofore filed.

■ We find no error or abuse of discretion in the refusal of the district court to grant a postponement of the hearing on the contempt charge. In any event, that question will probably not be presented on remand.

■ The judgment from which this appeal is prosecuted was entered on November 9, 1963. Subsequently, on April 6, 1964, the Supreme Court decided the case of United States v. Barnett et al., 376 U.S. 681, 84 S.Ct. 984, 12 L.Ed.2d 23. Footnote 12 to the opinion in that case concluded with the following sentence:

"In view of the impending contempt hearing, effective administration of justice requires that this *dictum* be added: Some members of the Court are of the view that, without regard to the seriousness of the offense, punishment by summary trial without a jury would be constitutionally limited to that penalty provided for petty offenses."

Respectful consideration of that dictum calls for the exercise of judgment or discretion by the district court as to whether to honor the defendant's demand for a jury trial, or to impose the same or a lesser sentence upon the defendant if he is again found guilty. To the end of permitting the exercise of such judgment or discretion by the district court, the judgment of conviction is vacated and the cause remanded.

Vacated and remanded.

**2.** Glasser v. United States, 1942, 315 U.S. 60, 71, 62 S.Ct. 457, 465, 86 L.Ed. 680.