Ivory Lee BRADLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 40332.

Court of Criminal Appeals of Texas.

May 3, 1967.

Howard M. Wayland (On Appeal Only), Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Frank Puckett, Jr., Asst. Dist.

Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for murder; the punishment, twenty-two years.

Trial was after January 1, 1966, under the 1965 Code of Criminal Procedure.

Appellant's plea was that of "Not guilty" and the state made it known that it would not seek the death penalty.

The issue of appellant's guilt was first submitted to the jury under the alternate procedure provided in Art. 37.07, subd. 2. of the 1965 Code of Criminal Procedure.

Upon return of the verdict of guilty, appellant requested that the same jury assess the punishment. A separate verdict assessing the punishment was then returned by the jury.

In his brief filed in the trial court, error is assigned by appellant to his cross-examination by the state relative to three prior convictions.

The state insists that we should not consider the assigned error because the brief was not filed within the time provided by Art. 40.09, subd. 9, of the 1965 Code of Criminal Procedure.

■ While the brief was not filed within thirty days after approval of the record by the trial court, as required by subd. 9 of Art. 40.09, supra, the record shows that additional time was granted by the court to appellant to file the brief. The brief was filed within the time granted. The error assigned will be considered.

■ The record reflects that on direct examination appellant testified as follows:

"Q Ivory, let me ask you, have you ever been convicted of a felony in this or any other state? A Yes, I have.

"Q You served time, did you not?

A Yes, sir.

"Q When was that? A In '59.

"Q Since that time you haven't been convicted of anything, have you? A No, sir."

On cross-examination, appellant was questioned by state's counsel as follows:

"Q Way back in 1959—in 1960 you were convicted of three felo*nys*, were you not? A No, sir.

"MR. PUCKETT: May I have this instrument marked as State's Exhibit No. 1?

"(The reporter marked the instrument as requested by counsel.)

"QUESTIONS BY MR. PUCKETT:

"Q Ivory, looking at State's Exhibit No. 1, which is a certified copy of the records of the Texas Department of Corrections—

"MR. JARVIS: I haven't seen it yet and he is reading from something I haven't checked and I would like to have the jury retired.

"THE COURT: You may have him on *cross examination*." (Emphasis, supplied.)

Other than the quoted statement, appellant made no further request to examine the instrument.

Upon further cross-examination, appellant admitted that he had been to the penitentiary for "burglary and attempted murder" but insisted that the convictions were in 1959.

State's exhibit #1 was not introduced in evidence and the inquiry was confined to appellant's cross-examination.

We perceive no error.

The state was authorized to cross-examine appellant relative to the three felony convictions, in view of his testimony on direct examination. 62 Tex.Jur.2d 130, Sec. 205, Witnesses; Fernandez v. State, Tex. Cr.App., 382 S.W.2d 935.

The judgment is affirmed.