**Lendell CHATMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44797.**

Court of Criminal Appeals of Texas.

March 29, 1972.

Ross Teter, Dallas, for appellant.

Henry Wade, Dist. Atty., and Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction of assault with intent to murder with malice. The jury assessed the punishment at fifteen years.

Seven of appellant's eight contentions on appeal are concerned with his complaints that he failed to receive a fair trial because of ineffective assistance of his retained counsel in the trial court.

The record reflects that the events preceding the shooting of the complaining witness Lewis in Dallas County, on October 31, 1969, began with a dice game at the home of Lewis, on October 4, 1969, when according to the version related by Lewis, he (Lewis) scratched appellant once or twice on the face with a pocket knife. Appellant's recollection of this event varies somewhat in that he testified Lewis "stabbed me in the head with the knife."

According to appellant, there was a difference of opinion about a debt owed a person called "Deadman" with whom he was gambling at Lewis' house and that

Lewis was claiming he had an interest in same by virtue of a "house fee" owed from the game.

On the night of the shooting, a friend took appellant to his brother's house on Clark Street in Garland. Upon finding his brother gone, appellant testified he heard music coming from a house down the street, where an acquaintance by the name of Jo Ann lived and decided he would go there. Upon entering the house, appellant walked past a couch where Lewis was sitting and appellant testified that Lewis "grabbed his beer to get up, his hand was down beside him and he carried his hand further back like he was trying to get something, and he and his partners all generally take guns, and I was afraid." Appellant shot Lewis three times while he was on the couch and as Lewis ran to the back room, appellant fired three additional shots, two of which struck Lewis. Lewis testified he tried to go through a window, but it was small and he jumped in bed with three babies whose sleep had been interrupted by Lewis breaking the window. The appellant admitted shooting Lewis but claimed self defense.

It appears that some of appellant's complaints regarding his trial counsel's conduct of the case are inconsistent with the theory of self defense. Appellant complains of counsel's failure to object to the arresting officer's testimony that appellant told him that the pistol seized in his apartment "was the pistol he used" and further that his counsel should have objected to the admission of the pistol into evidence. It is difficult to see how such action on part of appellant's trial counsel would have been to any avail, when appellant readily admitted the shooting. The admission of the officer's statement and the admission of the gun into evidence were not inconsistent with appellant's defense.

Appellant's contention that counsel should have requested the court reporter to take shorthand notes of the voir dire examination, objections to the charge and argument fails to point out how appellant was harmed by such failure.

We can not say that trial counsel was ineffective for failure to object to questions asked appellant about carrying a gun when appellant had expressed fear of Lewis and testified that he was carrying a gun on the night in question.

The testimony of the gambling game on October 4, 1969 that resulted in Lewis striking appellant with a knife was an important link in appellant's claims of self defense and we can not fault counsel for failing to object to same.

An objection to testimony at the punishment phase of the trial that appellant's reputation for being peaceable and law abiding was bad would have likely been overruled, since appellant fails to point out any valid objection to same.

During cross-examination of Lewis, it was shown that he had been convicted of carrying a pistol. While cross-examining defense witness Johnson, the State elicited testimony that Lewis pled guilty to the offense, but it was in fact the witness Johnson who had possessed the pistol. We can not find counsel ineffective for failure to object to this line of cross-examination.

While it is not incumbent on us to discuss each of appellant's contentions why his trial counsel was ineffective, since a retained attorney's services on behalf of the accused must be gauged by whether or not there was a breach of legal duty,[1] we have reviewed the same and find no merit in the contentions individually or collectively. Further, complaints of ineffective counsel must be examined in light of what the Court said in Williams v. Beto, 354 F. 2d 698 (5th Cir.): "as no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the

1. Steele v. State, 453 S.W.2d 486.

better light of hindsight." When the sound reasoning of Williams v. Beto, supra, is applied to the instant case, the language of this Court, in Hannon v. State, 475 S.W.2d 800, in characterizing appellant's claim of ineffective counsel as "fantastic" becomes appropriate.

We find that appellant had adequate representation in the trial court.

Appellant contends that the court abused its discretion by its failure to extend the time for filing Bill of Exceptions beyond ninety days after notice of appeal. Appellant merely makes the statement that the court abused its discretion without pointing out how and showing why there was an abuse of discretion. Thus, nothing is presented for review.

The judgment is affirmed.

Opinion approved by the court.