Jeremiah HARRISON, Appellant,

v.

The STATE of Texas, Appellee.

No. 53426.

Court of Criminal Appeals of Texas.

June 14, 1977.

Will Gray, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and George O. Jacobs, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Appellant appeals from his conviction for possession of heroin. The jury assessed punishment at twenty years.

The sufficiency of the evidence is not challenged. The record reflects that appellant and his wife, Shirley, were tried jointly for the possession of heroin seized in a raid on their home by officers of the Houston Police Department, Harris County Sheriff's Office and the Texas Department of Public Safety on October 3, 1973, pursuant to a search warrant. Appellant and his wife retained two attorneys to represent them.

Appellant contends in ten separate grounds of error that he failed to receive a fair trial because of ineffective assistance of his retained counsel in the trial court.

■ The constitutional right to counsel, whether counsel be appointed or retained, does not mean errorless counsel whose competency or adequacy of his representation is not to be judged ineffective by hindsight. *Ex parte Prior*, 540 S.W.2d 723 (Tex.Cr. App.1976); see also, *Duran v. State*, 505 S.W.2d 863 (Tex.Cr.App.1974).

■ The adequacy of an attorney's services must be gauged by the "totality of the representation"; therefore, we decline to take up each instance of ineffectiveness alleged in appellant's brief. *Stutes v. State*, 530 S.W.2d 309 (Tex.Cr.App.1975); *Williams v. State*, 513 S.W.2d 54 (Tex.Cr. App.1974). The allegations of ineffective representation will be sustained only if they are firmly founded. *Faz v. State*, 510 S.W.2d 922 (Tex.Cr.App.1974). Effectiveness of retained counsel must be gauged by whether or not there was wilful conduct by retained counsel without a defendant's knowledge which amounts to a breach of legal duty. *Ex parte Raley*, 528 S.W.2d 257 (Tex.Cr.App.1975); *Hunnicutt v. State*, 531 S.W.2d 618 (Tex.Cr.App.1976).

■ As this Court wrote in *Chatman v. State*, 478 S.W.2d 91 (Tex.Cr.App.1972):

".  .  . complaints of ineffective counsel must be examined in light of what the Court said in *Williams v. Beto*, 354 F.2d 698 (5th Cir.): 'As no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight.'"

An attorney must appraise a case and do the best he can with the facts and the fact that other counsel might have tried the case differently does not show inadequate representation. *Ex parte Prior*, supra. See *Rockwood v. State*, 524 S.W.2d 292 (Tex.Cr. App.1975), and *Witt v. State*, 475 S.W.2d 259 (Tex.Cr.App.1971). See also, *United States v. Rodriguez*, 498 F.2d 302 (5th Cir. 1974).

■ We have carefully examined this very voluminous record and appellant's numerous allegations and cannot conclude there was ineffective assistance of counsel. This record does not support or reflect any wilful misconduct by an employed counsel without appellant's knowledge which amounts to a breach of the legal duty of an attorney. *Trotter v. State*, 471 S.W.2d 822 (Tex.Cr.App.1971). Even if we use the "reasonably effective assistance" standard of *Ex parte Gallegos*, 511 S.W.2d 510 (Tex. Cr.App.1974), we would reach the same result.

■ Nothing appears in the record to show any bad faith, insincerity or disloyalty toward appellant by his attorney. A good faith error or mistake, if any, made by

retained counsel with honest and earnest purpose to serve his client cannot be the basis of a claim of reversible error. *Mills v. State*, 483 S.W.2d 264 (Tex.Cr.App.1972); see also, *Popeko v. United States*, 294 F.2d 168 (5th Cir. 1961).

With respect to appellant's allegation of a conflict of interest in his retained counsel representing both him and his wife, we find the language of *Stutes*, supra, controlling, wherein we said:

"It is true that where an appointed counsel has an actual conflict of interest a defendant is denied his right to effective representation without a showing of specific prejudice. *Castillo v. Estelle*, 504 F.2d 1243 (5th Cir. 1974). But where counsel is retained, there is no ineffectiveness on such grounds unless the attorney's representation was fettered or restrained by his commitments to others, and such commitments were unknown to the defendant. *Randazzo v. United States*, 339 F.2d 79 (5th Cir. 1964). In the case at bar, we have neither an actual conflict of interest nor an appellant ignorant of any potential conflict of interest. . . ."

We find that appellant had adequate representation in the trial court. Nor do we conclude that appellant has been deprived of a fair trial or due process of law.

No reversible error having been shown, the judgment is affirmed.

ROBERTS, Judge, dissenting.

For the reasons stated in my dissenting opinion in *Ewing v. State*, 549 S.W.2d 392 (Tex.Cr.App.1977), I dissent to the majority's decision to apply the "breach of a legal duty" standard simply because counsel was retained. There should be no distinction between retained and appointed counsel. Both should be reasonably competent, and neither should render inadequate representation.

PHILLIPS, J., joins.