Charley SNEED, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00078–CR.

Court of Appeals of Texas,
San Antonio.

May 13, 1987.

Rehearing Denied June 8, 1987.

Charley Sneed, pro se.

Sean K. Proctor, Asst. Dist. Atty., Seguin, for appellee.

Before CADENA, C.J., and DIAL and CHAPA, JJ.

## OPINION

CHAPA, Justice.

Appellant, Charley Sneed, was tried before a jury on October 29, 1985, for the offense of aggravated kidnapping. He was found guilty and punishment was assessed at 60 years in the Texas Department of Corrections. He has perfected this appeal and is before us pro se.

The record discloses that on June 28, 1985, Glenn Shievelbein was suddenly surprised by appellant at the Sports-West Lounge parking lot. Pointing a loaded and cocked .357 magnum to Shievelbein's head, appellant forced Schievelbein into his own truck.

When they were both in the truck, appellant threatened to shoot Schievelbein and to prove the gun was loaded, fired the gun about six or eight inches away from Schievelbein's head through the windshield of the truck. Appellant then forced Schievelbein to drive to McQueeny to look for appellant's ex-wife. With the gun hidden in his pants, appellant forced Schievelbein into an ice house to buy beer. Appellant again forced Schievelbein into the truck, threatening him verbally and with the gun to his head. At appellant's insistance, they proceeded to the home of Deborah Strickland, ex-wife of Schievelbein, who had already been threatened by appellant. When both men went into the home of Strickland, Schievelbein turned and hit appellant. A struggle ensued and appellant lost his gun and ran out the door. The sheriff was called and Deputy Raul Cimental arrived shortly. Appellant was discovered in a closet, and he was arrested.

In point of error number one, appellant contends the trial court erred in not entering a judgment of acquittal in his motion for new trial because the evidence is insufficient to support the elements of the offense as charged. The standard of review in both circumstantial and direct evidence cases requires that we examine the evidence in the light most favorable to the prosecution and determine whether a rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App.1984). In a trial by jury, reconciliation of conflicts or contradictions in the evidence is within the province of the jury, and such conflicts will not call for reversal if there is enough credible testimony to support the conviction. TEX. CODE CRIM.PROC.ANN. art. 36.13 (Vernon 1981) and 38.04 (Vernon 1979); *Bowden v. State*, 628 S.W.2d 782, 784 (Tex. Crim.App.1982).

TEX.PENAL CODE ANN. § 20.04 provides:

(a) A person commits an offense if he intentionally or knowingly abducts another person with the intent to:

(1) hold him for ransom or reward;

(2) use him as a shield or hostage;

(3) facilitate the commission of a felony or the flight after the attempt or commission of a felony;

(4) inflict bodily injury on him or violate or abuse him sexually;

(5) terrorize him or a third person; or

(6) interfere with the performance of any governmental or political function.

(b) An offense under this section is a felony of the first degree unless the actor voluntarily releases the victim alive and in a safe place, in which event it is a felony of the second degree.

TEX.PENAL CODE ANN. § 20.04 (Vernon 1974).

The indictment in the case at bar alleged in part:

... did then and there knowingly and intentionally abduct, GLENN A. SCHIEVELBEIN, without his consent, with intent to prevent his liberation, by

using and threatening to use deadly force on GLENN H. SCHIEVELBEIN and with intent to terrorize GLENN H. SCHIEVELBEIN, ...

Appellant argues that because the State failed to prove he actually used deadly force on Schievelbein, the conviction cannot stand. We disagree. As set out heretofore, the record reflects sufficient evidence for a rational trier of the facts to find the essential elements of the offense of aggravated kidnapping. At the very least the State established that Sneed intentionally and knowingly abducted Schievelbein with the intent of terrorizing him.

■ Appellant further complains that the indictment is fatally defective in that it alleges the commission of aggravated kidnapping in the conjunctive. It is proper to allege alternative means by which a crime was committed conjunctively. *Brandon v. State,* 599 S.W.2d 567 (Tex.Crim.App.1979) (en banc), *Dovalina v. State,* 564 S.W.2d 378 (Tex.Crim.App.1978). The State must only prove one means by which the crime is committed, and only the means supported by the evidence should be charged. *Brandon,* 599 S.W.2d at 577; *Dovalina,* 564 S.W.2d 378. The contentions of appellant are without merit and point of error one is overruled.

■ In point of error number two, appellant contends his right to a speedy trial has been violated. The record reflects the appellant was arrested on June 28, 1985, and remained in jail until the date of trial, October 28, 1985. The State filed a written announcement of ready for trial on July 23, 1985. Appellant contends that the State could not be ready on July 23, 1985, and thus such announcement is void. We disagree.

TEX.CODE CRIM.PROC.ANN. art. 32A.02, provides in part:

Art. 32A.02. Time limitations

Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

\*     \*     \*     \*     \*     \*

Sec. 2. (a) Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an indictment, information, or complaint against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested. TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1986).

The standard for dismissal under art. 32A.02, §§ 1, 2(a), *supra,* "the state is not ready for trial," refers to the preparedness of the prosecution for trial, and does not encompass the trial court and its docket. *Barfield v. State,* 586 S.W.2d 538 (Tex. Crim.App.1979). Under art. 32A.02, a declaration of the State that it is ready for trial is prima facie showing of conformity to the act, whether the prosecution set the case for trial or not. The defendant then may rebut the state's declaration with evidence from any source including cross-examination of the state's agents charged with the responsibility for preparing the case, to demonstrate that the state was in fact not ready within the time limit. *Barfield,* 586 S.W.2d at 542.

In the case at bar, the record discloses the state filed an announcement of ready for trial on July 23, 1985 which was a prima facie showing of conformity with the statute. Appellant could have rebutted the announcement and never did. During the hearing on the speedy trial motion, appellant merely testified as to when he was arrested, when he requested a psychiatric evaluation, and that he had been incarcerated at all times since arrest. No effort was made by appellant to present any evidence to negate the announcement of the state or even to cross-examine the state attorney regarding the matter of preparation. During the hearing the state attorney "testi-

fied" that appellant's case was set on every "criminal week" docket since the indictment, and the state had been ready at all times. Appellant correctly points out that the record does not reflect the state attorney was sworn before testifying, although the record indicates the trial judge asked the state attorney if he wished to "testify" before the statement on behalf of the state was presented.

The prima facie showing by the state of conformity with the statute was satisfied by the written announcement of July 23, 1985, and the state attorney's testimony during the speedy trial hearing was cumulative. Therefore, the record failing to reflect the state attorney was actually sworn prior to "testifying" is harmless. Appellant has failed to rebut the prima facie showing of conformity with the statute by the state, and point of error number two is overruled.

■ In point of error number three, appellant complains of ineffective assistance of his retained counsel in the trial court and lists a number of instances which he contends sufficiently proves his point.

The constitutional right to counsel, whether appointed or retained, does not mean errorless counsel whose competency or adequacy is judged by hindsight. *Harrison v. State*, 552 S.W.2d 151 (Tex.Crim. App.1977). Allegations of ineffective representation must be firmly founded to be sustained. *Harrison*, 552 S.W.2d 151; *Faz v. State*, 510 S.W.2d 922 (Tex.Crim.App. 1974). Ineffectiveness of counsel depends on whether there was willful conduct by the retained counsel without the defendant's knowledge which amounts to a breach of legal duty. *Harrison*, 552 S.W.2d 151; *Ex parte Raley*, 528 S.W.2d 257 (Tex.Crim. App.1975). "As no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, with better light of hindsight." *Williams v. Beto*, 354 F.2d 698, 706 (5th Cir.1965).

The "reasonable effective assistance" test propounded by the Federal Courts has been applied to cases of ineffective counsel

by the Texas Court of Criminal Appeals. *Ex parte Gallegos*, 511 S.W.2d 510 (Tex. Crim.App.1974). This test has been defined as:

> [effective counsel means] not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.

*MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir.1960), *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961).

Since the "totality of the representation" is the gauge in determining adequacy of attorneys' service, it is not always necessary to take up each instance of ineffectiveness alleged by an appellant. *Harrison*, 552 S.W.2d at 152.

After a careful review of the record and the numerous allegations of the appellant pertaining to ineffectiveness of counsel, we find that appellant's concern is not unreasonable. However, considering the "totality of the representation," and the state of the record, we cannot say that the standards set out hereinabove have been breached. Point of error number three is overruled.

■ In point of error number five, appellant complains of the constitutionality of the law of parole instructions by the trial court. Appellant contends that the separation of power doctrine is breached by the application of the statute regarding jury instructions. TEX.CODE CRIM.PROC. ANN. art. 37.07, § 4(a) (Vernon Supp.1987).

This identical point was presented to this Court in *Gaines v. State*, 723 S.W.2d 302 (Tex.App.—San Antonio 1987, pet. granted), and resolved adversely to Gaines by unanimous opinion. Other Texas courts have reached the same conclusion. *See Clark v. State*, 721 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1986, no pet); *Patton v. State*, 717 S.W.2d 772, 780 (Tex. App.—Fort Worth 1986, no pet). Point of error number five is overruled.

■ In point of error number four, appellant complains about the jury arguments of the prosecutor in the punishment phase pertaining to the law of parole. In the

opening argument of the punishment phase, after the court's charge had been read to the jury, the prosecutor made the following remarks:

> Rehabilitation. I don't know if rehabilitation exists, and I'm not wise enough, if it does exist, to tell you how long it's going to take for this man. I will tell you that over his 36 years of life he has developed a pattern of dealing with his problems that involves violence, and dealing with firearms and endangering innocent people, and it's going to take a long time to break that pattern. *You heard the Judge tell you that you will be able to take into the jury room the Court's charge. You will find that he will be eligible for parole after ⅓ of his sentence. Ladies and gentlemen, I submit to you that any sentence that you hand down should be long enough so that those people in Huntsville can keep him down there long enough to deal with the myriad of problems that he has, and that's going to be a long, long period of time* because you don't change behavior patterns overnight. (Emphasis added).

Again in closing argument, the prosecutor made the following remarks:

> I suggest to you, ladies and gentlemen, read the Court's charge carefully. *Particularly the part about parole and good time, but I suggest to you a sentence of less than 20 years in this case would be a slap on the wrist.* It would not deter and would not give a responsibility to deter this man. I ask you to consider your responsibility to the victim and to this community, as well as the Defendant, and return a verdict in excess of 20 years in the penitentiary. (Emphasis added).

Counsel for appellant did not object to any remark of the prosecutor.

In general, the approved areas of jury argument are summation of the evidence, reasonable deduction from the evidence, answer to argument of opposing counsel, and a plea for law enforcement. *Phillips v. State,* 701 S.W.2d 875, 892 (Tex.Crim. App.1985). The arguments of the prosecu-

tor in the case at bar cannot be said to fall within any of the permissible areas, and therefore constitutes error.

Any impropriety in the prosecutor's jury argument is waived by failure to make a proper and timely objection, unless the argument is so prejudicial that an instruction to disregard will not cure the harm. *Borgen v. State,* 672 S.W.2d 456 (Tex.Crim. App.1984); *Romo v. State,* 631 S.W.2d 504 (Tex.Crim.App.1982). The record before us reflects the defense counsel did not object to the prosecution's remarks. This failure is one of the several mistakes appellant heretofore has contended established ineffective assistance. Although this point has already been disposed of, the failure to object nevertheless was a significant error of defense counsel as the resulting sentence later disclosed. However, the central issue is whether the argument was so prejudicial that an instruction to disregard would not have cured the harm. *Borgen,* 672 S.W.2d 456.

In *Marshburn v. State,* 522 S.W.2d 900 (Tex.Crim.App.1975) the court found the following remarks of the prosecutor so prejudicial as to require reversal:

> \*   \*   \*   \*   \*   \*

> "The Judge has told you in his charge that *you have no control over the exact term of years that these men will serve; that's to be determined by the Board of Pardons and Paroles* and you will look in these judgments and will find being sentenced from anywhere from two to five years *and you say five years and two years later they are out committing another offense. Look at the records.*"

> \*   \*   \*   \*   \*   \*

> "The Judge told you you can't consider how long these people are going to serve when they are in the penitentiary. I would suggest to you the only way that you are going to do any good and help us here in Dallas County is to make examples of each and every one of the five …

> "… You know the big verdicts you hear about are not reasonable` …

... you know no person has lived 2,000 years.

... You know no man can live that long, but I say *you have to do something* to draw attention, to make these people different than the rest of the people in the jail, to *make somebody, somebody who decides how long they are actually going to serve,* say this is different than the rest of the life cases that we see. There is something special about this case. I can see right here by the verdict it stands out, I better look into this." (Emphasis in original).

*Id.* at 901.

In reversing, the court stated:

... The arguments of the prosecutor do not come within any of the permissible areas of jury argument. On the contrary, the prosecutor's arguments were calculated to introduce prejudice into the minds of the jurors. Cf. *Hernandez v. State*, Tex.Cr.App., 366 S.W.2d 575 at 576 (1963). The prejudice introduced by the prosecutor operates by urging the jury to impose an excessive prison term to compensate for or protect against the action of the Board of Pardons and Paroles.

\*      \*      \*      \*      \*      \*

... The prosecutor was not recommending a severe punishment based on the evidence, "but urged such penalty in view of how the parole law operated." *Dorsey v. State*, Tex.Cr.App., 450 S.W.2d 332 at 337 (1969) (Dissenting Opinions, Onion, J., Morrison, J.).

*Id.* 522 S.W.2d at 901.

In *Clanton v. State*, 528 S.W.2d 250 (Tex.Crim.App.1975), the court found the following remarks of the prosecutor, Mr. Green, so prejudicial that even the timely and elaborate instructions of the trial judge could not cure the harm:

"[MR. GREEN]: ... I know if you give him life or if you give him two hundred and fifty years, do you realize this, I want to read you this little thing right here and this is all I can say about this particular paragraph, I am no allowed to comment any more. In determining the punishment in this case, you are instruct-ed that you are not to discuss among yourselves how long the Defendant will be required to serve any sentence you decide to impose.

"What that is saying, if you give him life or one hundred and two or two hundred and fifty years, if you know or think he will just be there eight years, you can't discuss that and I can't discuss it, I can't tell you, *but you can, if you know yourselves, base your decision, your verdict upon that.*

"MR. WATKINS: Your Honor, he is just saying he can't say something about it and he said it in the next sentence.

"THE COURT: The jury won't consider the last argument of the District Attorney for any purpose.

"MR. GREEN: If you do know the law, you can't discuss it with another juror *but you yourselves can consider it.*

"Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas and are of no concern of yours. *That no concern of yours is what bothers me in that particular paragraph, you are instructed it is of no concern of yours if you give somebody twenty years if they are out in two years, they tell you it is no concern of yours, you give somebody life and they are out—It is no concern of yours, but it is a concern of yours because you can expect certain things of your verdicts.* That is all I can say about that particular paragraph, but it is there.

"THE COURT: I want to stop you right there, Mr. Green.

"It is no concern of yours, Ladies and Gentlemen, as your are charged there, you will follow the Court's Charge exactly the way it is in that paragraph, contrary to the argument of the District Attorney that was just made. Such matters come within the exclusive jurisdiction of the board of Pardons and Paroles and the Governor of the State of Texas and are of no concern of yours and they are also not a proper subject for argument at this stage in the trial.

"MR. WATKINS: Your Honor, I would like to move for a mistrial because I believe any instruction to the Jury for them to disregard that last argument is still too prejudicial and I would like to move for a mistrial.

"THE COURT: Overruled.

"MR. GREEN: Thank you, Judge.

*"That is what I just got though telling you, see.*

*"Now, let's go on after we covered that little tender spot,* let's go on to something else because that is behind us now. *That is why sometimes we base our decision upon facts as we see them in a case and ask for large verdicts* and that is why citizens give them sometimes, because the facts of a case warrant it...."* (Emphasis in original)

*   *   *   *   *   *

*Id.* at 252.

The Court reversed the case in spite of finding that the defense had improperly invited retaliation from the state by suggesting that the accused would remain incarcerated for the entire term of the jury sentence. In this respect, the court stated that the state's retaliation "went much further than to merely respond to the remark of the defense counsel." In reversing, the court stated:

> Notwithstanding the court's instructions to the contrary, the prosecuting attorney told the jurors that it was a concern of theirs how long appellant would actually serve before being released from the penitentiary. ... The argument of the state hereinabove quoted did not recommend life as a proper punishment based on the evidence, but was strictly an appeal to the jury to disregard its responsibility under the law to determine the appropriate punishment for the offense, and to consider "how long the defendant will be required to serve any sentence" the jury might decide to impose.

*Id.* at 253.

Similarly, the prosecutor in the present case, introduced prejudice which operated by urging the jury to impose an excessive prison term to compensate for or protect against the workings of the law of parole, so that "those people in Huntsville can keep him down there long enough...." In violation of the courts instructions "not to consider the manner in which the parole law may be applied to this particular defendant," the prosecutor successfully urged the jury to consider exactly what the court had prohibited. Nor can we say that with reasonable certainty the argument did not affect the jury's verdict in assessing 60 years. *Clanton,* 528 S.W.2d at 254. We note that the prosecution's argument repeatedly requested punishment of 20 years, while advising the jury that the appellant would be eligible for parole after ⅓ of his sentence. The jury sentenced the appellant to 60 years although no one had argued directly for such a sentence. It is reasonable to conclude that the 60 year sentence was a direct result of the improper urgings of the prosecutor regarding the applicability of the law of parole, considering that 20 is exactly ⅓ of 60.

While the legislature may have gone close to the "separation of powers" line in enacting TEX.CODE CRIM.PROC.ANN. art. 37.07 § 4(a), they did not cross it. *Joslin v. State,* 722 S.W.2d 725 (Tex.App.—Dallas 1986). It is plain the legislature enacted art. 37.07, § 4(a) with the intent of clearing up some misconception about the parole laws, and at the same time assuring this factor not be applied to the individual defendant. *Joslin,* 722 S.W.2d 725; *Gaines v. State,* 723 S.W.2d 302 (Tex.App. —San Antonio 1987, pet. granted). We see, therefore, that the legislature has thus carefully forged a very delicate balance which is precarious and requires careful attention. Prosecutors must be conscious not to disturb this delicate balance which will easily and improperly encourage a jury to do exactly what it is prohibited from doing by the court's instructions. Trial courts should remain alert and sua sponte react to prevent irreparable harm which may result in a denial of a fair trial to a defendant. Because the statute now requires the parole law instruction by the trial court, great care must be taken to prevent the trial court from becoming an unwary assistant prosecutor when improper prosecution arguments transform the

court's instructions to an unfair tool of the prosecution. We hold that the error of the prosecution could not have been cured by a proper instruction. The case is reversed and remanded for a new trial.

DIAL, J., dissents without opinion.