James Alan **BLESSING**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–95–00134–CR.

Court of Appeals of Texas,
El Paso.

July 18, 1996.

Rhonda Thornton Grimm, Rio Rancho, NM, for Appellant.

John W. Smith, District Attorney, Odessa, for Appellee.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

CHEW, Justice.

James Alan Blessing appeals his conviction for the felony offense of driving while intoxicated. The jury found Appellant guilty and assessed punishment at confinement in the Ector County Jail for 2 years and a $2,000

fine. We reverse and remand for a new punishment hearing.

In his sole point of error, Appellant complains that during final argument at the punishment phase, the prosecutor injected harmful new matters into the record by informing the jury of the existence of good time credit in the county jail and urging them to consider its existence in assessing punishment. Admitting that he did not object to this argument, Appellant argues that an objection was not necessary to preserve error because an instruction could not have cured the harm. The State argues that Appellant waived error by failing to object because any harm in the argument could have been cured by an instruction to disregard, the argument is proper because it was invited by the argument of opposing counsel, and the trial court's instructions concerning parole cured any harm.

■■■ The general rule is that error committed during jury argument is preserved only if the defendant objects and obtains an adverse ruling from the trial court. *Harris v. State*, 784 S.W.2d 5, 12 (Tex.Crim.App. 1989), *cert. denied*, 494 U.S. 1090, 110 S.Ct. 1837, 108 L.Ed.2d 966 (1990); *Briddle v. State*, 742 S.W.2d 379, 390 (Tex.Crim.App. 1987), *cert. denied*, 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988); TEX.R.APP.P. 52(a). An exception to this rule exists when the jury argument is so prejudicial that an instruction to disregard the argument could not cure the harm. *Banda v. State*, 890 S.W.2d 42, 62 (Tex.Crim.App.1994); *Harris*, 784 S.W.2d at 12. This exception has been characterized as where an argument is clearly calculated to inflame the minds of the jurors and is of such character as to suggest the impossibility of withdrawing the impression produced on the jurors' minds. *Banda*, 890 S.W.2d at 62; *Harris*, 784 S.W.2d at 12 n. 5. The burden is on the appellant to establish the applicability of the exception to the argument at issue in his case. See *Harris v. State*, 827 S.W.2d 949, 963 (Tex.Crim.App.), *cert. denied*, 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992).

The jury found Appellant guilty of the felony offense of driving while intoxicated, third offense, as alleged in the indictment. In accordance with former TEX.REV.CIV.STAT. ANN. art. 6701*l*–1(e) [1], the trial court instructed the jury in the punishment charge that the range of punishment for this offense is a fine of not less than $500 or more than $2,000; and confinement in jail for a term of not less than thirty days or more than two years or imprisonment in the state penitentiary for a term of not less than sixty days or more than five years. The jury charge included an instruction on parole under TEX. CODE CRIM.PROC.ANN. art. 37.07, § 4(c)(Vernon Supp.1996).

During final argument, the prosecutor made the following argument of which Appellant complains:

[The Prosecutor]: The Charge tells you that you can't consider the fact that good time credit may or may not be awarded to this Defendant. I can tell you that the current practice in the Ector County Jail is that for every day you serve on a sentence, you get credit for two days. Now that can be taken away and it cannot be taken away.

[The Court]: Let me interrupt just a second. The good time credit and the other instructions in the Charge are with regard to the State penitentiary system. I will be clear on that. The instructions that are in the Charge have to be the State penitentiary system and it is a statutory instruction.

[The Prosecutor]: Thank you, Your Honor.

[The Court]: Let's move along, Counsel.

[The Prosecutor]: All right. So any—I feel confident in telling you that any sentence you would assess him in the Ector County Jail will be served at that rate. Unless he misbehaves or gets in trouble, that that can be taken away from him, it certainly can be.

Generally, if you assess a two year sentence, he will serve a year. And the law tells you that if you assess his punishment

1. *See* Acts 1983, 68th Leg., R.S., ch. 303, § 3, 1983 TEX.GEN LAWS 1576, repealed by Acts 1993, 73rd Leg., R.S., ch. 900, § 1.15, 1993 TEX.GEN.

LAWS 3704. The current version of this statute is now located at TEX.PENAL CODE ANN. § 49.09 (Vernon 1994 and Supp.1996).

in the penitentiary, that once he has served one fourth of his sentence, he is eligible for parole. And the law also tells you that that doesn't mean that if you assess the maximum of five years, that he would serve exactly one and one fourth years before he was eligible, because he would also get credit possible for good time. He might serve far less than that. And it is true that just because he is eligible for parole, that he might not make parole.

So the law doesn't tell you that you might think about those things and consider those things when you assess his punishment, but then you are not supposed to wonder and speculate as to how they might be applied to this Defendant. Which makes no sense to me, but that is what the Charge says.

The fact is you can be aware and you may consider the application of good time credit and the eligibility of his parole.

* * *

At the very least if you do not consider sending him to the penitentiary, nothing less than two years in the county jail would be sufficient as a sentence.

■ We first determine whether the prosecutor's argument was error. A sheriff has authority to grant commutation of time for good conduct, industry, and obedience. TEX. CODE CRIM.PROC.ANN. art. 42.032, § 2 (Vernon Supp.1996). Under Article 42.032, § 2, a deduction not to exceed one day for each day of the original sentence actually served may be made for the term or terms of sentences if a charge of misconduct has not been sustained against the defendant. TEX.CODE CRIM.PROC.ANN. art. 42.032, § 2. By explaining to the jury that the sheriff awarded good-time credit at a rate of two for one, the prosecutor impermissibly argued outside of the record. See Gaddis v. State, 753 S.W.2d 396, 398 (Tex.Crim.App.1988)(counsel may not use argument to present evidence to the jury that is outside the record).

■ It is also improper for a prosecutor to affirmatively urge the jury to consider how long a defendant would actually be re-

quired to serve any punishment the jurors might impose. McKay v. State, 707 S.W.2d 23, 38 (Tex.Crim.App.1985), cert. denied, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); Clark v. State, 643 S.W.2d 723, 724 (Tex.Crim.App.1982). Although this rule is typically applied in cases where a defendant may be awarded good-time credit in our state prison system and eventually paroled, we think it applies with equal force to the potential award of good-time credit and commutation of up to one-half of a defendant's sentence by the sheriff pursuant to Article 42.032. The evil to be avoided is the same, that is, the imposition of an excessive sentence to compensate for the actions of a third party awarding good-time credit so that the time actually served is less than that imposed. The prosecutor's argument violates this rule.

■ The State contends that the prosecutor's argument was invited by the argument of Appellant's counsel. The invited argument rule permits prosecutorial argument outside the record in response to defense argument which goes outside the record. Bush v. State, 773 S.W.2d 297, 301 (Tex.Crim.App.1989); Johnson v. State, 611 S.W.2d 649, 650 (Tex.Crim.App.1981). The State points to the following argument by counsel for Appellant as inviting the above argument:

The law does allow in this case for you to assess punishment in the county jail. Facilities are available here for that type of incarceration. The—this—as you were told yesterday during Voir Dire, Mr. Blessing has chosen not to apply for probation, so that is not an issue here. He will serve time. The question is where and how much.

* * *

So all I want to ask you is to consider the circumstances. And I believe when you do, that you will see that an appropriate punishment in this case would be a minimum—on the minimum side rather than on the maximum side. That a term of days in—or months in the Ector County Jail is more appropriate to the circum-

stances in this case than would be sentencing this man to a term of imprisonment in the Institutional Division of the Texas Department of Corrections.

Placing particular emphasis upon the statement of defense counsel, "He will serve time," the State argues that Appellant left a false impression with the jury that he would serve his sentence "day for day" whether he was in the Ector County Jail or in the penitentiary. The State reasons that the prosecutor was permitted to go outside the record to correct this false impression. We disagree. Nothing that defense counsel stated can reasonably be interpreted as conveying to the jury the idea that Appellant would serve his sentence day for day. Taken in context, counsel was simply pointing out that regardless of whether the jury chose to assess a sentence to be served in the county jail or in the penitentiary, Appellant would be serving time and would not receive probation. The prosecutor's argument was not invited by the argument of Appellant's counsel. Compare *Franklin v. State,* 693 S.W.2d 420, 429 (Tex.Crim.App.1985)(defense counsel's statements that defendant would remain in prison for life or at least until professionals determined he no longer constituted a threat to anybody invited response from prosecutor concerning possibility of parole).

Having determined that the argument is improper and uninvited does not end our inquiry. Reversible error results from improper prosecutorial argument only when the argument is extreme, manifestly improper, injects new and harmful facts into the case, or violates a mandatory statutory provision and is thus so inflammatory that its prejudicial effect cannot reasonably be cured by judicial instruction to disregard the argument. *Long v. State,* 823 S.W.2d 259, 267 (Tex.Crim.App.1991), cert. denied, 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992); *Belton v. State,* 900 S.W.2d 886, 899 (Tex. App.—El Paso 1995, pet. ref'd). By informing the jury that the sheriff awarded good-time credit at the rate of two for one and assuring the jury that Appellant would serve his sentence at that rate unless he engaged in misconduct while incarcerated, the prosecutor injected new facts into the proceeding.

In considering the effect of this argument upon the jury, it is important to note that despite the admonishment in the charge that the jury was not to consider how the parole laws might be applied to Appellant, the prosecutor also informed the jury that Appellant could serve less than one and one-quarter years if they assessed punishment at the maximum of five years in the Institutional Division. By thereafter telling the jury that nothing less than a two-year sentence in the county jail would be sufficient, he effectively implored the jury to consider the existence of good-time credit in assessing Appellant's sentence if the jury chose the option of confining him in the Ector County Jail. Thus, the prosecutor did not recommend a maximum sentence in the county jail as a proper punishment based on the evidence, but was strictly an appeal to the jury to disregard its responsibility under the law to determine the appropriate punishment for the offense based upon the evidence, and to consider how long Appellant would be required to serve any sentence the jury might decide to impose. As such, his argument was calculated to bring before the jury new matters harmful to Appellant and introduce prejudice into the minds of the jurors. It is not surprising that the jury assessed punishment at the maximum of two years in the county jail as the prosecutor suggested they should.

Contrary to the State's suggestion, the trial court's parole instruction and his comments made during the argument could not have the effect of curing the harm because, as the trial court told the jury, the parole instruction expressly applied only to a sentence of imprisonment in the penitentiary. Under these circumstances, we conclude that an instruction to disregard could not have cured the harm inherent in the prosecutor's argument. *See Marshburn v. State,* 522 S.W.2d 900, 901 (Tex.Crim.App.1975); *Clanton v. State,* 528 S.W.2d 250, 252–53 (Tex. Crim.App.1975); *Sneed v. State,* 734 S.W.2d 20, 25–6 (Tex.App.—San Antonio 1987, pet. ref'd). Further, we cannot conclude beyond a reasonable doubt that the error made no contribution to Appellant's punishment. TEX. R.APP.P. 81(b)(2). Point of Error One is sustained.

Having found error was committed in the punishment stage of Appellant's trial, we reverse and remand for a new punishment hearing pursuant to TEX.CODE CRIM.PROC. ANN. art. 44.29(b)(Vernon Supp.1996).