### ALEX. PHIPPS v. THE STATE.

No. 8343.   Delivered April 8, 1925.

Rehearing denied May 20, 1925.

1.—Manufacturing Intoxicating Liquor—Change of Venue—Absence of Defendant—Not Material.

Since the early case of Rothschild v. State, 7 Tex. Crim. App., it has been the doctrine in this state that it is not necessary that the accused be present when the order for the change of venue is made in his case. Orders made by the court relative to change of venue are regarded as being preliminary to the trial, and not a part of the trial itself. Overruling Butler v. State, 38 Tex. C. R. 560 and Harris v. State, 160 S. W. 447. Following Haley v. State, 88 Tex. C. R. 649.

2.—Same—Argument of Counsel—Bills of Exceptions.

Where a bill of exceptions complains of a large part of the argument of the State's attorney, much of which must necessarily have been germane, without pointing out, specifically that part relied upon as error, it cannot be considered by this court.

Appeal from the District Court of Bosque County. Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*Levi Herring* and *J. P. Word,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Bosque County of manufacturing intoxicating liquor, and his punishment fixed at two years confinement in the penitentiary.

The facts show appellant's presence a number of times at a place where a large still was located and operated for the manufacture of intoxicating liquor, and his participation therein.

The case originated in Somervell County and was transferred by the district judge of his own motion to Bosque County. When the case was called for trial in Bosque County appellant interposed a plea to the jurisdiction of the court on the ground that he was not present and consenting to the change of venue. In Littleton v. State, 91 Texas Crim. Rep. 206, the matter is discussed at length and authorities collated. Since the early case of Rothschild v. State, 7 Texas Crim. App. 519, it has been the doctrine in this State that it is not necessary that the accused be present when the order for change of venue is made in his case. Orders made by the court relative to change of venue are regarded as being preliminary to the trial and not a part of the trial itself. The matter of making an order so changing the venue of the court's own motion is addressed almost entirely to his discretion and may be made whether the accused consents or not. Appellant cites Butler v. State, 38 Texas Crim. Rep. 560, and Harris v. State, 150 S. W. Rep. 447. These cases are discussed by this court in the comparatively recent case of Haley v. State, 88 Texas Crim. Rep. 649, and in so far as they conflicted with that opinion, were overruled.

We regret that we cannot agree with appellant in his contention that the evidence does not support the verdict. Appellant's first bill of exceptions complains of the overruling of his plea to the jurisdiction, and the remaining bill appears to be taken to a large part of the argument of the State's attorney, much of which must necessarily have been germane and cannot be considered by us as prejudicial without some showing other than as appears in the bill.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his complaint of the change of venue and his insistence that he was not present when the venue was changed. The matter was disposed of us by us in our former opinion upon the proposition that this was not a complaint available. We cited authority. Our attention is now called to a fact which was not adverted to in former opinion, viz: that the order of the court changing the venue recites the presence of appellant at court at the time. The matter of appellant's absence seems to have been raised in his motion for new trial. The order of the court overruling said motion recites that "the court having heard said motion and the evidence thereon submitted, etc., is of opinion that same should be overruled." No evidence having been preserved

by any bill of exceptions and presented to us, we are compelled to presume the correctness of the court's action upon the evidence heard. We see no reason to change our conclusion as expressed in the original opinion regarding the sufficiency of the facts.

The motion for rehearing will be overruled.

*Overruled*