### GEORGE J. HASSELL V. THE STATE.

No. 10908. Delivered June 15, 1927.

Rehearing denied October 12, 1927.

**1.—Murder—Change of Venue—Compurgators—Statute Construed.**

An application for a change of venue must be supported by an affidavit by the defendant, and by two compurgators. One compurgator is not sufficient, nor will an application sworn to by the attorney for the accused be considered. See Luttrell v. State, 70 Tex. Crim. Rep. 183, and other cases cited.

**2.—Same—Selection of Jury—Challenge for Cause—Properly Overruled.**

Where jurors on their voir dire examination stated that they were strangers to appellant; had heard of the killing, having read accounts of it, but that they had no prejudgment or fixed opinion about the case, and were of the opinion that they could discard and lay aside any impression or opinion formed from hearsay and try the case fairly and impartially upon the testimony, the challenge for cause of such jurors was properly overruled.

### ON REHEARING.

**3.—Same—Change of Venue—Discretion of Trial Judge.**

Under Art. 560, C. C. P. 1925, the District Judge is empowered to order a change of venue on his own motion. This judicial discretion will not be disturbed on appeal, unless it be shown that it has been erroneously

exercised. See Phipps v. State, 100 Tex. Crim. Rep. 607, and other cases cited on rehearing.

**4.—Same—Challenge of Jurors—No Error Shown.**

A careful reconsideration of our original opinion confirms us in our judgment that appellant's challenge of jurors for cause was properly denied, and his motion for rehearing is overruled. See Ellison v. State, 12 Tex. Crim. Rep. 557, and other cases cited on rehearing.

· Appeal from the District Court of Parmer County. Tried below before the Hon. Reese Tatum, Judge.

Appeal from a conviction of murder, penalty assessed at death. The opinion states the case.

*W. H. Russell,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of murder, penalty, death.

Appellant was convicted for the murder of his step-son. The facts are revolting and need not be set out in detail. They fully justified the infliction of the death penalty. Appellant confessed to the killing of deceased, his step-son, also his wife and others of her children.

Appellant was defended by an attorney appointed by the court. An attempt was made to present an application for a change of venue, but as same appears in the record it is sowrn to only by the appellant and supported by an affidavit made by the attorney appointed to represent him. Art. 562, 1925 C. C. P. sets out the only character of application for a change of venue which is deemed legal. Its provisions are plain. The statute was not complied with in the instant case. The authorities hold an application not in compliance with the statute to be fatally defective. O'Neal v. State, 14 Tex. Crim. App. 582; Macklin v. State, 53 Tex. Crim. Rep. 197; Gibson v. State, 53 Tex. Crim Rep. 349. It is stated that the statutory requirement that the application be supported by the affidavits of at least two credible persons, residents of the county, is not met by the affidavits of the accused and one other person. This court has also held that an affidavit for change of venue sworn to by the attorney for the accused, could not be considered. Luttrell v. State, 70 Tex. Crim. Rep. 183.

There are a number of bills of exception in the record, each

reflecting the objection made by appellant to the acceptance of jurors upon the venire. Said bills set out at length the examination, questions and answers of said veniremen, and we have carefully examined and considered the testimony of each of said jurors and are of opinion that the action of the trial court in overruling the challenge for cause made to said jurors, was correct. Said jurors were strangers to the appellant, and while they seem to have heard of the occurrence, and in some instances to have read accounts of it, they all indicated that they had no prejudgment or fixed opinion about the case, and all of them were of the opinion that they could discard and lay aside any impression or opinion formed from hearsay and reading and could try the case fairly and impartially upon the testimony, and under the law this court has not the right nor has it the disposition to refuse to accept as true the statements made by good citizens under oath touching their qualification as jurors. Neither has this court any right to believe that the honorable trial judge was moved in his actions in overruling the challenges, by other than a desire to fairly preside and correctly pass upon the matters before him.

No other complaints of any kind appear in this record, which can be considered by us. We have tried to give this case that careful consideration demanded by the extreme penalty inflicted, and have found no error in the record, and the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant was a tenant farmer. He had married his brother's widow. She was the mother of nine children, eight of whom were members of the household. One daughter was married and lived in another state. The children in the family were of various ages, ranging from two to twenty-one years. Aldon Hassel, the deceased, was the eldest son. After a successful year in conducting the farm, the other members of the family disappeared. Appellant disposed of his crop, and after advertising that a sale of his household effects would take place upon the 22d day of December, the neighbors gathered and the property was sold to various persons. The premises were rented to another. The appellant, however, occupied one of the rooms. One night he aroused the members of the family who occupied the premises, and they, in company with the sheriff and a doctor, found the appellant in a wounded condition, who claimed that he had been assaulted with a knife.

Suspicion was aroused with reference to the absence of his family whom he had reported as having gone to visit relatives in Oklahoma.   Upon inquiry of the relatives this was found to be untrue.   A search of the premises developed that in a pit which had previously been dug in the yard, there was buried the deceased, Aldon Hassell, his mother and his seven brothers and sisters, all of whom the appellant, in his confession, admitted to have killed.   All were killed with a bludgeon except Aldon, who was killed by the discharge of a shotgun.   Facts corroborating the confession were proved by numerous witnesses, their testimony and the discovery of physical facts ascertained through knowledge gotten from the appellant's confession, including the finding and identification of the bodies, the location of the wounds, the appellant's attempted suicide, and other circumstances not necessary to detail.

There seems to have been no specific evidence on the subject of insanity.   That issue, however, was submitted to the jury in a comprehensive charge against which there was urged no objection upon the trial nor complaint on appeal.

Counsel for the appellant, after an unsuccessful effort to obtain compurgators to an application for a change of venue upon the ground of prejudice, attached his own affidavit thereto, setting out in some detail his reasons for the belief that a fair and impartial trial of the appellant could not be had in the county.   Based upon these facts, appellant insists that the conditions were such as to demand a review of the court's action in failing upon his own motion to change the venue.   In Art. 560, C. C. P., 1925, the district judge is empowered, if he is satisfied that a fair and impartial trial cannot be had in the county, to order the venue changed on his own motion.   Other provisions of the same chapter state the grounds and procedure upon which a change of venue may be had upon the application of the state or the accused.   So far as we are aware, this court has never asserted or indicated that it has positive authority to set aside a judgment upon the theory that the venue should have been changed, unless the application therefor containing the terms and requisites prescribed by statute had been made and overruled.   In some instances there have been complaints of the fact that the court of his own motion, had changed the venue. In these, this court, on appeal, has, without exception, so far as we are aware, declined to interfere with the discretion of the trial judge as reflected by his failure to change the venue upon his own motion.   See Ex parte Haley, 88 Tex. Crim. Rep. 649; Phipps v. State, 100 Tex. Crim. Rep. 607; Powell v. State, 99

Tex. Crim. Rep. 277; Henderson v. State, 104 Tex. Crim. Rep. 495; Thomas v. State, 100 Tex. Crim. Rep. 114; Parker v. State, 91 Tex. Crim. Rep. 68; Gray v. State, 43 Tex. Crim. Rep. 300; Welk v. State, 99 Tex. Crim. Rep. 235. It may be, as appellant's counsel insists in his brief, that his inability to procure compurgators is in itself indicative of the existence of prejudice against the accused or prejudgment of his case. Even so, the trial court and this court, on the subject of a change of venue, would be controlled by the written law which commits to the discretion of the trial court the right to change the venue, without a motion, if he regards the conditions such as to preclude the probability of a fair and impartial trial. It also commits to the trial court the power to change the venue upon the application of either the state or the accused, supported by the affidavits of two credible persons who are residents of the county. In the latter case, however, the application may be controverted and the action of the trial court would then be controlled by the evidence adduced. See Art. 562, C. C. P., 1925; Henderson v. State, 89 Tex. Crim. Rep. 21; Parker v. State, 91 Tex. Crim. Rep. 68; Ross v. State, 93 Tex. Crim. Rep. 531; McNeely v. State, 104 Tex. Crim. Rep. 263; Langhorn v. State, 105 Tex. Crim. Rep. 470. The record in the present case fails to warrant a reversal of the action of the trial court on account of the matter under consideration.

Several individual jurors were challenged for cause. In bill No. 2 the examination of a juror is set out at length. It appears that he had read in the newspapers an account of the purported confession and had heard some talk of mob violence; that from what he had heard he had formed an impression touching the merits of the case. Quoting him, he said:

"I have merely formed an impression as to his guilt from what I read and heard; but if I were selected as a juror, I could wholly disregard what I may have heard or read about the matter, not take that into consideration, but try the case, and decide the case solely from the testimony produced on the witness-stand. And I would do that."

While there is some variation in the verbiage of the examination of the other jurors, the bills of exception are not materially different from that in the one mentioned above. Each of the jurors said that he had no fixed opinion; that he had formed an impression touching the case, but it would require no evidence to remove it, and that it could and would be discarded. By Art. 616, C. C. P., a juror is not disqualified by reason of the matters contained in subdivisions 1 to 11. Subdivision 12 relates to bias or prejudice. It is commanded (in subdivision 13) that

the trial judge shall interrogate the juror who claims to have an opinion, "and, if it appears to have been formed from reading newspaper accounts, communications, statements or reports or mere rumor or hearsay, and if the juror states that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence, the court, if satisfied that he is impartial and will render such verdict, may, in its discretion, admit him as competent to serve in such case." In the instant case, the examination of the jurors seems to bring the ruling of the court within the scope of the discretion vested in the trial judge by the thirteenth subdivision of the statute mentioned. See Ellison v. State, 12 Tex. Crim. App. 557; Bartlett v. State, 82 Tex. Crim. Rep. 468; Ashton v. State, 31 Tex. Crim. Rep. 479, and other cases collated in Branch's Ann. Tex. P. C., Sec. 561; Vernon's Tex. Crim. Stat., 1916, Vol. 2, Art. 692, notes 37 and 38, pages 377 and 378; Sapp v. State, 87 Tex. Crim. Rep. 606.

Bill No. 10, as qualified, shows that the juror was not challenged.

The attorney appointed by the court to represent the appellant appears to have performed the disagreeable duty with commendable zeal and ability. From the record it appears that the trial was orderly and deliberate and no prejudicial error has been perceived. As stated above, there seems little evidence of insanity save that which might arise in contemplating the conduct of the appellant. Upon a liberal charge the jury has determined that in committing the act, revolting as it seems, the appellant was sane and conscious of his wrongdoing. Conceding his sanity in connecting with the crime, the result of the trial and the assessment of the extreme penalty seem but the reasonable conclusion of a deliberate and dispassionate jury.

The motion is overruled.

*Overruled.*