Marvin **ALLEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45315.

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Rehearing Denied Jan. 17, 1973.

Arturo C. Gonzalez, Del Rio, for appellant.

John F. Pettit, Dist. Atty., Del Rio, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a murder conviction wherein the jury assessed the punishment at 10 years confinement.

The trial was conducted in Val Verde County after a change of venue from Terrell County within the same judicial district upon the court's own motion. See Article 31.01, Vernon's Ann.C.C.P.

█ At the outset we observe that appellant, without citation of authority and without persuasive argument, contends Article 31.01, supra, is unconstitutional. We do not agree. See Ex parte Cox, 12 Tex. Cr.R. 665 (1882); Cox v. State, 8 Tex. Cr.R. 254 (1880); Martin v. Beto, 397 F. 2d 741 (5th Cir. 1968), cert. den. 394 U.S. 906, 89 S.Ct. 1008, 22 L.Ed.2d 216 (1969).

█ Next, appellant contends the court abused its discretion in changing venue on its own motion. After due notice to both the appellant and the State, the trial judge conducted a hearing on his own motion to change venue, at which hearing both parties announced "ready." Sheriff Cooksey and two other witnesses testified that the case had been widely discussed in Terrell County and that, in their opinions, a fair

and impartial trial, alike to the State and the accused, could not be had there. It was shown that the 1960 Federal Census had reflected a population of 2,600, but that the county's population has since declined. Estimates of 2,500 to 1,800 were offered.[1] The record further shows that the alleged offense occurred in Sanderson, where more than 80% of the county's population lived; that the appellant was employed by the railroad, the principal employer in the county, and that his wife, the deceased, operated a tavern on Sanderson's main street, which was frequented by a considerable number of people. Testifying at the hearing, appellant related he had lived in the county for twenty-seven years and preferred to be tried there.

At the conclusion of the hearing, the court entered an order changing venue to Val Verde County, stating that it appeared

". . . to the satisfaction of the Court that a trial, alike fair and impartial to the accused and to the State cannot be had in Terrell County, Texas, because of the apparent widespread notoriety of such case and the fact that a substantial segment of the small population of such county eligible for jury service have apparently expressed opinions about the guilt or innocence of the accused;"

In light of the record before us, we cannot agree the trial court abused its discretion in changing venue on its own motion. We reject appellant's apparent argument that the court was first required to make an attempt to select a jury before it could change venue on its own motion.

█ Lastly, appellant contends the court erred in refusing to permit a defense witness, G. W. Kyle, to testify that he heard the deceased, just prior to her death, make the spontaneous statement that he (the appellant) "didn't mean it."

In his brief, appellant recognizes the requirements of a dying declaration were not

1. The 1970 Federal Census was not mentioned.

shown, but contends the testimony should have been admitted as a part of the res gestae.

The statement was allegedly made by the deceased in the hospital on the day of her death, five days after the shooting. She had undergone abdominal surgery on the day of the shooting and, when the doctor saw her the evening before the day of her demise, she was irrational, talking at random, having difficulty breathing, and had been under heavy sedation.

We cannot agree that such statement, if made, was admissible as "res gestae" of the offense.

The judgment is affirmed.