**Edward COOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 158–83.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 1, 1984.

Roy E. Greenwood, on appeal only, Austin, Robert D. Nogueira, Beeville, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

Appellant was convicted of felony theft by a jury which assessed punishment at ten years, probated and a $5,000.00 fine. The Corpus Christi Court of Appeals affirmed in an unpublished opinion. We granted appellant's petition for discretionary review in order to examine the Court of Appeals' holding that the trial court did not abuse its discretion or deny appellant due process of law in the manner in which it ordered a change of venue on its own motion.

Appellant's first contention is that the trial court erred in ordering a change of venue on its own motion when no evidence was offered in support of the court's motion at the venue hearing. Art. 31.01, V.A. C.C.P., which governs changing venue on the court's motion, provides in pertinent part:

> "Whenever in any case of felony ... the judge presiding shall be satisfied that a trial, alike fair and impartial to the accused and to the State, cannot, from any cause, be had in the county in which the case is pending, he may, upon his own motion, *after due notice to accused and the State, and after hearing evidence thereon,* order a change of venue ... stating in his order the grounds for such change of venue." [1] (Emphasis added.)

---

1. The emphasized language in Art. 31.01 was added to former Art. 560, V.A.C.C.P. (1925), which read:

    "Whenever in any case of felony the judge presiding shall be satisfied that a trial, alike fair and impartial to the accused and to the State, can not from any cause, be had in the county in which the case is pending, he may, upon his own motion, order a change of venue ... stating in his order the grounds for such change of venue."

According to appellant, Art. 31.01 requires that at a hearing on the court's motion to change venue, "evidence in support of said court's motion must be produced, to some extent, to support the court's order, if the defendant objects to the change of venue." We do not agree. It is clear that under the former statute, Art. 560, V.A.C.C.P. (1925), see note 1 supra, a trial court was not required to give notice or hear evidence on its motion to change venue. See e.g., *Berwick v. State*, 149 Tex.Cr.R. 372, 194 S.W.2d 768 (1946); see also *Cox v. State*, 8 Tex.App. 254 (1880). When the Legislature modified the language of Art. 560 in enacting Art. 31.01, its purpose was evidently to require a court, once satisfied that a fair trial cannot be had, to give notice to both parties of its intention to change venue and to hold a hearing allowing either party to offer evidence either in support or against the court's proposed change of venue. The statute does not require the court to offer evidence in support of its own motion, but rather merely affords the parties a chance to be heard on the matter.[2] The court is only required to state in its order the grounds for its decision to change venue.

In the instant case the trial court gave appellant ten days' notice to "show cause why the court should not" change the venue. At the resulting hearing, appellant called five witnesses who gave testimony in opposition to the proposed change of venue.[3] The State did not offer evidence, stating that it "would rest on the evidence that [it] produced at the previous hearing."[4] At the conclusion of the hearing, the court ordered a change of venue from Bee County to Calhoun County, stating in the order its grounds for doing so. Since the court gave notice to appellant and held a hearing, it properly complied with the procedural requirements of Art. 31.01, and thus appellant's first contention is without merit absent a showing of abuse of discretion.

Generally, a court's decision regarding change of venue will not be considered an abuse of discretion when there is conflicting evidence on that issue. See e.g. *Chappell v. State*, 519 S.W.2d 453 (Tex.Cr. App.1975); 22 Tex.Jur.3d Criminal Law Sec. 1965. At the conclusion of the venue hearing, the court stated:

2. Under appellant's interpretation of Art. 31.01, if both the State and the defendant opposed a change of venue, the court would be required to appoint counsel to represent it in presenting evidence in support of its motion to change venue. Such a result cannot have been intended by the Legislature.

In addition, it is unlikely that a judge would propose to change venue on his own motion unless he was already satisfied that a fair trial could not be had in his county. This situation was explained by the court in *Cox v. State*, supra, 8 Tex.Rep. at 283:

"The correct doctrine is that the change of venue in any case depends on whether the judge is satisfied as to its expediency or inexpediency; and his discretion determining it will not be revised unless it is clearly apparent that it has been abused. If, then, the judge is the power that must be primarily and ultimately satisfied, why the necessity of introducing proof to satisfy him, when he is already satisfied without proof? In other words, *why prove to him a fact with regard to which, when proved, he must exercise his own discretion, when he is already sufficiently possessed of a knowledge of the fact, and prepared to act upon it on his own motion?*" (Emphasis added.)

3. Appellant's witnesses testified in substance that although appellant's case was widely discussed, both the State and appellant could receive a fair and impartial trial in Bee County. On cross-examination, one witness testified that he had discussed appellant's case with "maybe forty, maybe fifty, one hundred people" and had not heard anyone say appellant was guilty although some people including himself thought appellant was innocent. Another witness also testified to hearing people express opinions about the innocence of the defendant.

4. Appellant and several other persons in Bee County were indicted for theft of materials from the Hurst Lumber Company. These cases became known as "Lumbergate" in the area. The State originally filed a motion to change venue in appellant's case as well as in the related cases, but apparently abandoned its motion with respect to appellant. The State pursued its motions in the other cases and such motions were heard before the court held its hearing in appellant's case. Appellant was not a party to the prior hearing to change venue in the related cases.

"The Court has taken into consideration in particular the evidence presented by Mr. Cook, but ... the way in which the publicity and the public attention [have] been drawn to these cases does mean that Mr. Cook as well as all the others would not receive a fair trial in Bee County, and, therefore, the Court will order these cases transferred.... I believe this will insure a fair trial for both the State and the defendants."

The court made the following finding in its order changing venue:

"It appearing to the satisfaction of the Court that a trial alike fair and impartial to the accused and to the State cannot be had in this Bee County, the reasons for same appearing in this Court's order of January 22, 1981."

The order of January 22, 1981, referred to above, ordered appellant to show cause why venue should not be changed, and further provided as follows:

"After taking under advisement the State's motion for change of venue in cases related to the above entitled cause wherein the same individual is alleged to be the victim, ... the Court is of the opinion and finds from the evidence adduced at pre-trial hearing [in] said cases and other matters of judicial knowledge that this case and said others have aroused unusual interest and opinions among potential jurors. Additionally, the attempts to inject issues of racial discrimination during the investigation and prosecution of this and related cases as well as the public positions of one or more defendants in related cases which have aroused unusual public interest and concern contribute to this Court's conclusion, and it so finds that a trial, alike fair and impartial to the accused and to the State, cannot be had in Bee County."

■ It is apparent from the court's order that it considered evidence from the pre-trial hearings in the related cases, as well as other evidence, which conflicted with the testimony of appellant's witnesses that a fair trial could be had in Bee County. In this situation, no abuse of discretion is shown. *Chappell v. State*, supra. See also *Spriggs v. State*, 289 S.W.2d 272 (Tex. Cr.App.1956) where we stated that since the statute allows the court to satisfy itself "from any cause" that a fair trial cannot be had, "it would be difficult to envisage a state of facts by which this court would be warranted in finding that an abuse of discretion has occurred." 289 S.W.2d at 273.

■ Appellant's second contention is that the trial court's consideration of matters learned outside of the hearing at which appellant was present, as part of its basis for changing venue, constitutes a denial of due process of law. Addressing this contention, the Court of Appeals held:

"Art. 31.01 (Vernon 1966) above quoted first refers to the judge's satisfaction that a fair trial cannot be had before it proceeds to tell the judge what to do about the situation (hold a hearing). This wording necessarily implies that the judge's fears may be founded upon information received under circumstances other than at a formal hearing."

Obviously if the trial court is not required to offer evidence at the venue hearing in support of its motion, see note 2 supra, and accompanying text, it must be allowed to consider matters learned outside of the formal venue hearing in making its determination to change venue. In *Berwick v. State*, supra, we noted:

"The court is authorized to change the venue of any case ... when he has satisfied himself that a trial, alike fair and impartial to the state or the accused, cannot be had in the county, *without reference as to how or from what facts and circumstances such conclusion was reached*. The facts from which he reached the conclusion may be of such general notoriety that he would be authorized to take judicial notice thereof, and unless it is made to appear that he abused his discretion with respect thereto, no error would appear." 194 S.W.2d at 770. (Emphasis added.)

In *Martin v. Beto*, 397 F.2d 741 (5th Cir. 1968), the defendant filed a habeas corpus action alleging, inter alia, a violation of

unspecified constitutional rights when a court, on its own motion and over the defendant's objection, ordered a change of venue without introducing evidence in support thereof. In overruling the defendant's contention, the court held that "there was ample evidence within the judicial knowledge of the Harris County Criminal district judge on this point to eliminate any suggestion of an infraction of constitutional dimension." 397 F.2d at 747.[5] See also *Allen v. State*, 488 S.W.2d 460 (Tex.Cr. App.1972), upholding the constitutionality of Art. 31.01, supra. Appellant's contention is overruled.

The judgment of the Court of Appeals is affirmed.

CLINTON and TEAGUE, JJ., dissent.

---

**5.** While the *Berwick* and *Martin* cases arose under former Art. 560, see supra note 1, we do not believe that the change in statutory language when Art. 31.01 was enacted in any way affects their validity on this point. Indeed if the statute passed constitutional muster when no notice or hearing was required, see *Martin v. Beto*, supra, we fail to see how the statutory change which affords appellant notice and hearing would change this result.