Edward C. COOK, Petitioner-Appellant,

v.

Bilia MORRILL, Adult Probation Officer, Bee County, Texas, Respondent-Appellee.

No. 85–2200.

United States Court of Appeals, Fifth Circuit.

Feb. 26, 1986.

Roy E. Greenwood, Jr., Austin, Tex., Robert Nogueria, Beeville, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GOLDBERG, HILL, and JONES, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

We reaffirm today this court's previous holding in *Martin v. Beto*, 397 F.2d 741 (5th Cir.1968), that the sixth amendment right to a trial in the district where the defendant committed the crime does not apply to state prosecutions. In the process we also affirm the district court's dismissal of the petitioner-appellant's petition for writ of habeas corpus.

I.

A state grand jury in Bee County, Texas, indicted petitioner-appellant Edward C. Cook and several others for the felony theft of building materials from a lumber company. The cases received an unusual amount of attention in the local area and became known as "Lumbergate." The state filed motions to change venue in all of the cases, but then abandoned its motion with respect to Cook. The state pursued its motions to change venue in the other cases, and the district court held hearings on these motions. On January 22, 1981, after the hearings on the venue motions in the related cases, the trial judge ordered Cook to appear in ten days and show cause why the court should not change venue in his case.

At the hearing on February 2 Cook called five witnesses who testified in opposition to the proposed change of venue. On cross-examination the witnesses indicated that the case had been widely discussed, that considerable attention had been given to

the incident, and that at least some people had already determined that Cook was innocent. The state offered no evidence. Based on the testimony at the hearing, on the evidence adduced at the other change of venue hearings, and on other evidence outside the record, the trial judge found "that a trial alike fair and impartial to the accused and to the state cannot be had in this Bee County" and ordered venue changed to Calhoun County, approximately eighty-five miles away.

A Calhoun County jury convicted Cook; he received a ten-year probated sentence and a $5,000 fine. On direct appeal the Texas Court of Appeals affirmed the conviction in an unpublished decision, and on discretionary review the Texas Court of Criminal Appeals also affirmed the conviction, *Cook v. State*, 667 S.W.2d 520 (Tex. Crim.App.1984) (en banc). Cook then filed a federal habeas corpus petition alleging that the state violated his right to a trial in the venue where he committed the crime, that the trial judge's hearing and order deprived him of due process, and that the state appellate courts violated due process by, in effect, declining to review the venue order. The district court denied relief, holding that Cook had no federal constitutional right to a trial in the district where he committed the crime and that the state courts did not deprive him of due process. This appeal followed.

## II.

Cook first claims that the change of venue violated his sixth amendment right to a trial in the district where he committed the crime. The sixth amendment provides:

In all criminal prosecutions, *the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed,* which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to

have the Assistance of Counsel for his defense.

U.S. Const. amend. VI (emphasis added). Cook argues that the venue provision applies to state prosecutions.

The United States Supreme Court has yet to decide whether the venue provision of the sixth amendment applies to the states; however, the Fifth Circuit has previously decided that it does not. In the only Fifth Circuit case addressing the question, *Martin v. Beto*, 397 F.2d 741 (5th Cir.1968), the defendant sought a writ of habeas corpus because the state trial court had ordered venue changed over the defendant's objection. We affirmed the federal district court's denial of the writ and stated: "That part of the Sixth Amendment which gives the accused the right to a trial 'by an impartial jury of the State and district wherein the crime shall have been committed' has not thus far been held applicable to the States." *Id.* at 748 (citing *United States ex rel. Chatary v. Nailon*, 211 F.Supp. 676, 678 (E.D.Pa.1962)). Thus, it is the rule in this circuit that the sixth amendment right of vicinage does not apply to state prosecutions. Were we inclined to overrule the holding in *Martin v. Beto*, we could not, for in the Fifth Circuit one panel may not overrule the holding of a previous panel. *United States v. Albert*, 675 F.2d 712, 713 (5th Cir.1982).

We believe that the court in *Martin v. Beto* correctly decided the issue and that the Supreme Court, if it is ever faced with the issue, would hold that the right of vicinage does not apply to the states. The Supreme Court has applied to the states only those provisions of the sixth amendment that the Court finds "fundamental and essential to a fair trial." *Gideon v. Wainwright*, 372 U.S. 335, 342, 83 S.Ct. 792, 795, 9 L.Ed.2d 799, 804 (1963) (quoting *Betts v. Brady*, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942)). The right to a trial in the district where the defendant committed the crime is not one of those rights which rises to the level of being "fundamental and essential to a fair trial." This does not mean that a state necessarily has

the right to try a defendant anywhere the state chooses. In a state conviction where the change of venue resulted in a conviction obtained without due process, a petitioner could obtain relief on due process grounds. *Martin v. Beto,* 397 F.2d at 748–49. Cook has not alleged any prejudice as the result of the change in venue.

Since the sixth amendment venue provision does not apply to state prosecutions, the state could try Cook in a county other than the county where he committed the crime.

### III.

Cook next argues that the trial court denied him procedural due process by not allowing him to confront and cross-examine the witnesses at the earlier hearings and by considering evidence outside the record. He further alleges that the Texas Court of Criminal Appeals denied him due process by refusing to effectively review the trial court's decision to change venue.

■ The Texas Code of Criminal Procedure provides for a hearing before a change of venue can be ordered.

> Whenever in any case a felony or misdemeanor punishable by confinement, the judge presiding shall be satisfied that a trial, alike fair and impartial to the accused and impartial to the state, cannot, from any cause, be had in the county in which the case is pending, he may, upon his own motion, after due notice to accused and the state, and after hearing evidence thereon, order a change of venue to any county in the judicial district in which such county is located or in an adjoining district, stating in his order the grounds for such change of venue.

Tex.Crim.Proc.Code Ann. art. 31.01 (Vernon 1966). Cook argues that, since article 31.01 requires a hearing, the hearing must comply with all the requirements of procedural due process. However, procedural due process requirements apply only to protected fourteenth amendment interests. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548, 556 (1972). Since the sixth amendment venue right does not apply to the states, Cook has no protected fourteenth amendment right requiring the protection of due process. Thus, the trial court did not commit a constitutional violation through its handling of the venue issue.

Cook further argues that the Texas Court of Criminal Appeals denied him due process by, in effect, refusing to review the trial court's order. Cook premises his assertion on incorrect facts. The court of criminal appeals held that the trial judge "properly complied with the procedural requirements of art. 31.01, and thus appellant's first contention is without merit absent a showing of abuse of discretion." 667 S.W.2d at 522. Thus, the court reviewed Cook's claim at the abuse of discretion level, and Cook errs when he claims that the court, in effect, refused to review the trial court's order.

■ The court also stated that: "The statute does not require the court to offer evidence in support of its own motion, but merely affords the parties a chance to be heard on the matter. The court is only required to state in its order the grounds for its decision to change venue." *Id.* (footnote omitted). Cook argues that the court of criminal appeals misconstrued the statute; however, this argument raises only state law issues. The federal courts will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. *Moreno v. Estelle,* 717 F.2d 171, 179 (5th Cir.1983), *cert. denied,* 466 U.S. 975, 104 S.Ct. 2353, 80 L.Ed.2d 826 (1984); *Cronnon v. Alabama,* 587 F.2d 246, 250 (5th Cir.) ("We have repeatedly admonished that 'we do not sit as a "super" state supreme court' in a habeas corpus proceeding to review errors under state law.") (citation omitted), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 792 (1979). Thus, the Texas courts and not the federal courts decide the procedural requirements for the hearing on the change of venue. Since the change of venue does not involve a constitutional right, the federal courts cannot interfere in the state

court's interpretation. We find Cook's procedural due process arguments meritless.

The district court's judgment dismissing the petitioner's writ of habeas corpus petition is AFFIRMED.