Arturo **ARANDA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 65450.

Court of Criminal Appeals of Texas, En Banc.

Sept. 23, 1987.

Ruben Sandoval, Randolph M. Janssen, San Antonio, for appellant.

Charles R. Borchers, Dist. Atty. & Olivero E. Canales, Gustavo T. Quintanilla & Rogelio G. Rios, Jr., Asst. Dist. Attys., Laredo, Robert Huttash, State's Atty., Austin, for State.

## OPINION

ONION, Presiding Judge.

The conviction is for capital murder. V.T.C.A., Penal Code, § 19.03. After the jury found the appellant guilty it also affirmatively answered all three special issues submitted under Article 37.071, V.A.C.C.P. Based upon such answers the trial court imposed the death penalty. There was a change of venue in this cause from Webb County to Victoria County.

The indictment jointly charged appellant and his brother, Juan J. Aranda, with knowingly and intentionally causing the death of Pablo E. Albidrez, a peace officer by shooting him with a gun knowing that Albidrez was a police officer for the city of Laredo acting in the lawful discharge of an official duty. The sufficiency of the evi-

dence to sustain the conviction or the affirmative answers to the special issues are not challenged. Suffice to say the evidence shows that the appellant and his brother drove to Laredo from San Antonio. The purpose was to pick up a load of marihuana and take it to San Antonio. After the station wagon was loaded and the two men were leaving Laredo they were confronted by police officers who stopped them. In the ensuing gun battle the deceased police officer, who was in uniform and who was in a marked police vehicle with its lights flashing, was killed by the appellant who was shooting with a pistol.

In three points of error appellant contends the trial court erred in changing venue from Webb County, erred in changing venue on its own motion, and deprived him of effective assistance of counsel due to lack of sufficient notice that the court intended to change venue on its own motion. In addition the appellant urges the trial court erred in admitting into evidence his confession, erred in failing to make findings of fact and conclusions of law concerning the voluntariness of his confession, and erred in admitting his brother's confession into evidence. Still further, he challenges the constitutionality of Article 37.071, V.A.C.C.P., in that it permits the introduction of prior unadjudicated offenses into evidence at the penalty stage of a capital murder trial, and urges the trial court erred in permitting the introduction into evidence of an unconstitutionally void prior burglary conviction at the penalty stage of the trial. He contends he was 17 years old at the time of that conviction and females of the same age were not at the time subject to trial as adults.

We shall turn first to appellant's contentions concerning the change of venue. Article 31.01, V.A.C.C.P., provides for a change of venue on the trial court's own motion. It provides:

"Whenever in any case of felony or misdemeanor punishable by confinement, the judge presiding shall be satisfied that a trial, alike fair and impartial to the accused and to the State, cannot, from any cause, be had in the county in which the case is pending, he may, upon his own motion, after due notice to accused and the State, and after hearing evidence thereon, order a change of venue to any county in the judicial district in which such county is located or in an adjoining district, stating in his order the grounds for such change of venue. The judge, upon his own motion, after ten days notice to the parties or their counsel, may order a change of venue to any county beyond an adjoining district; provided, however, an order changing venue to a county beyond an adjoining district shall be grounds for reversal if, upon timely contest by the defendant, the record of the contest affirmatively shows that any county in his own and the adjoining district is not subject to the same conditions which required the transfer."

The assistant district attorney filed a written State's motion for change of venue (Article 31.02, V.A.C.C.P.), in which it was prayed in the alternative that the court, pursuant to Article 31.01, supra, and that in order to insure a fair and impartial trial to both the State and defendant, give notice to both parties, hear evidence thereon, and on its own motion order a change of venue to some other county than Webb County. On the same day the motion was filed the court ordered notice to be given and set the matter for a hearing.

At the change of venue hearing before Judge Ruben Garcia of the 49th District Court appellant challenged the State's motion for failure to comply with Article 31.-02, supra, and challenged the authority of the court to proceed to hear evidence for the purpose of changing venue on its own motion due to lack of notice and depriving appellant of the effective assistance of counsel. The assistant district attorney noted that counsel had received notice and that at the time of the setting the court had indicated it would also hear evidence on a change of venue on the court's own motion. The court overruled appellant's objection on the ground that the motion filed and the order of setting, etc., "gave you sufficient notice what this hearing is about."

At the hearing testimony from the district clerk of Webb County, the Sheriff of Zapata County, station managers or news directors of local television and radio stations, city editors of local newspapers, a lawyer, etc., were offered by the State, and the appellant testified as well as calling a restaurant owner in Zapata County. Thereafter the court entered an order denying the State's motion for change of venue, but on its own motion granted a change of venue to the 24th District Court in Victoria County. In said order the court observed that "both sides announced ready and presented evidence" at the hearing, and that it appeared to the court from the evidence that a trial "alike fair and impartial to the accused and the State" could not be had in Webb County, or other counties in the 49th Judicial District or in any counties adjoining said district because of the massive publicity surrounding the case in those areas.

There was evidence that the offense itself, the various court settings, the separate trial of appellant's brother were widely covered by television, radio and the newspapers. In addition there had been publication in the newspapers of appellant's confession and that of his brother, etc., and the offense involved the death of a local Laredo police officer. There was, of course, evidence from the appellant and another witness generally indicating he could receive a fair trial in Webb or Zapata Counties.

■ The trial court is generally said to have discretion in passing upon the question of a change of venue. When there is conflicting evidence on the issue, a court's decision regarding change of venue will not normally be considered an abuse of discretion. *Cook v. State,* 667 S.W.2d 520 (Tex. Cr.App.1984); *Allen v. State,* 488 S.W.2d 460 (Tex.Cr.App.1972).

■ Appellant argues that a defendant should have the prerogative to make tactical decisions as to where he wants the case tried regardless of whether pretrial publicity may or may not affect the jurors who will compose the panel trying the case. He urges that before venue can be changed upon the court's own notice there should be overwhelming evidence that both the State and defendant will not receive a fair trial.

We reject appellant's argument and find no abuse of discretion on the part of the court based on the evidence presented. See and cf. *Cook v. State,* supra.

■ Next appellant urges the court erred in changing venue on its own motion because it failed to "file" its own motion stating that it intended to change venue sua sponte. Of course the court can file its own separate written motion with the clerk, but we do not read Article 31.01 as requiring the same. The statute only refers to the fact that under certain conditions the trial judge "may, upon his own motion," after due notice to the parties and hearing the evidence, may change venue. We do not interpret the same as requiring a written motion, though such may be the better practice. In *Cook,* supra, this Court wrote:

"When the Legislature modified the language of Art. 460 in enacting Article 31.03, its purpose was evidently to require a court, once satisfied that a fair trial cannot be had, to give notice to both parties of its intention to change venue and to hold a hearing allowing either party to offer evidence either in support or against the court's proposed change of venue. The statute does not require the court to offer evidence in support of its own motion, but rather merely affords the parties a chance to be heard on the matter. The court is only required to state in its order the grounds for its decision to change venue."

In the instant case, while not a recommended procedure, the State in its motion, asked in the alternative that the court follow Article 31.03, supra, and after notice and hearing evidence act on its own motion. In setting the matter for a hearing and ordering notice the court clearly indicated, according to the record before us, that it intended hearing evidence on the State's plea and the alternative plea. We rejected the contention the court erred in not filing

its own motion with the clerk. The point of error is overruled.

For the same reason we reject appellant's claim he was deprived of the effective assistance of counsel because the court failed to file its own motion and give notice of that motion.

Appellant also claims the trial judge in Victoria County did not file his findings of fact and conclusions of law concerning the voluntariness of appellant's confession. It is true that the original appellate record did not contain such findings and conclusions. The appeal was abated and the findings of fact and conclusions of law are now in the record before us and the appeal is reinstated. See *McKittrick v. State,* 541 S.W.2d 177 (Tex.Cr.App.1976). The point of error is overruled.

Appellant contends the trial court erred in admitting his confession into evidence.

The court conducted an Article 38.22, V.A.C.C.P., or *Jackson v. Denno* [378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964)] hearing on the voluntariness and admissibility of the appellant's extrajudicial confession pursuant to a motion to suppress. At the conclusion of the hearing the court found the confession to have been voluntarily given and admissible into evidence at the trial on the merits.

In his brief attacking the admissibility of the confession appellant mentions that his confession was obtained before he was taken before a magistrate. It is well settled that the fact that a defendant is not taken before a magistrate prior to making a statement does not vitiate a confession that is otherwise properly obtained. *Maloy v. State,* 582 S.W.2d 125 (Tex.Cr.App.1979); *Brown v. State,* 576 S.W.2d 36 (Tex.Cr.App.1978); *Myer v. State,* 545 S.W.2d 820, 824 (Tex.Cr.App.1978).

Appellant recites part of his testimony at the Jackson v. Denno hearing that he had just been released from the hospital and placed in jail prior to the confession. His testimony revealed that he left the hospital in a wheelchair and a doctor had given him "some pills" and that he "couldn't even walk. Because I still had pain." When asked if he was "still hurting" when he talked to the officers he replied they "forced him to come out" of the cell. When asked if he was bleeding at the time of the statement, he responded, "I just had an operation. They took a bullet and it hurt." When asked how he felt, he stated, "I couldn't talk to nobody. But they took me over there to the cell. They carried me over." He never directly answered any of his counsel's questions. The district attorney, who was present, testified that appellant was suffering from a couple of gunshot wounds—"one to the middle finger of his left hand and a semi-superficial wound to the shoulder, upper left shoulder." It was shown that appellant was given his warnings, etc., that he was permitted to confer with his brother and that he wrote out his own confession. Other than the meager testimony of the appellant all the evidence was to the contrary. The appellant contended he asked for "my lawyer" four times. The fact that the appellant ever asked for a lawyer at any time was denied by the district attorney, the deputy sheriff and a police officer who was present. The trial court found that appellant did not ask for a lawyer. The appellant argues in conclusion under the point of error "Since the State failed to produce any competent evidence to rebut the fact that appellant was under the influence of some sort of medication given him due to his bullet wounds, and was weak and unable to clearly think, the confession given by appellant was clearly inadmissible." The difficulty with appellant's approach is that there is no evidence to show that appellant was under the influence of medication to the extent he could not clearly think or voluntarily give a confession. His testimony did not establish that. The State showed he walked to the interrogation room, appeared to be mentally alert, understood the warnings, conferred with his brother, etc., before giving the confession.

At a hearing on the voluntariness of the confession the trial judge is the trier of facts, the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *Burks v. State,* 583

S.W.2d 389 (Tex.Cr.App.1979), cert. den. 448 U.S. 907, 100 S.Ct. 3050, 65 L.Ed.2d 1136 (1980); *White v. State,* 591 S.W.2d 851 (Tex.Cr.App.1979); *Vigneault v. State,* 600 S.W.2d 318 (Tex.Cr.App.1980); *Rumbaugh v. State,* 629 S.W.2d 747 (Tex.Cr.App.1982). We find no error in the court's admission of the confession into evidence. The voluntariness of the confession was raised as an issue before the jurors and was submitted to them in the court's charge. The issue was rejected by the jury. The point of error is overruled.

Appellant also contends that the trial court erred in admitting the confession of his brother, Juan Aranda, a co-defendant in the case.

At the outset appellant relies upon the general rule that a confession of guilt can only be used against the person making the confession and it is inadmissible against others under the hearsay rule. He cites *Chapman v. State,* 470 S.W.2d 656, 661 (Tex.Cr.App.1971). See also *Carey v. State,* 455 S.W.2d 217 (Tex.Cr.App.1970); *Lewis v. State,* 521 S.W.2d 609 (Tex.Cr.App.1975); *Stutes v. State,* 530 S.W.2d 309, 312 (Tex.Cr.App.1975); *Thomas v. State,* 533 S.W.2d 796 (Tex.Cr.App.1976); *Ex parte Hammond,* 540 S.W.2d 328 (Tex.Cr.App.1976).

In the instant case the brother, Juan Aranda, who was jointly indicted but who had been previously convicted after a separate trial,[1] took the witness stand and testified favorably to the defense and contradictory in some parts to an extrajudicial confession given to the police shortly after the alleged offense. The confession was not used to show appellant's guilt, but was used by the State for the purpose of impeachment of the co-defendant as a defense witness.

■ Appellant's objection on the basis of hearsay came well after a lengthy interrogation of the witness about his contradictory confession. He further objected at the same time that the statement was not shown to be voluntary. In *Stutes v. State,* supra, it was observed that Article 38.22,

V.A.C.C.P., need not be complied with in order to introduce a confession against a witness for impeachment purposes, see *Castillo v. State,* 421 S.W.2d 112 (Tex.Cr.App.1967), even though the same confession might be inadmissible to impeach the same witness at his own trial. *Stutes* further stated, "We hold that *Castillo* controls even though it did not appear that the witness there was a co-defendant, or a potential co-defendant, of the appellant in that case." *Stutes* at p. 313. The record in the instant case reflects that in the witness' own trial his confession was admitted after a *Jackson v. Denno* or Article 38.22, V.A.C.C.P., hearing and further reflects it was voluntarily given.

■ A witness' prior inconsistent statements are admissible to impeach a witness. See, e.g., *Smith v. State,* 520 S.W.2d 383 (Tex.Cr.App.1975); *Sierra v. State,* 476 S.W.2d 285 (Tex.Cr.App.1971); *Coons v. State,* 152 Tex.Cr.R. 479, 215 S.W.2d 628 (1949). The rule of admissibility of evidence of prior inconsistent statements should be liberally construed and the trial judge should have discretion to receive any evidence which gives promise of exposing a falsehood. See *Smith v. State,* supra. And a defendant's confession may become admissible for the purpose of impeachment. *Ayers v. State,* 606 S.W.2d 936 (Tex.Cr.App.1980); *Thomas v. State,* 693 S.W.2d 7 (Tex.App.—Houston [14th Dist.] 1985). And a co-defendant who becomes a witness is subject to the same rule as earlier noted.

In *Thomas v. State,* 533 S.W.2d 796 (Tex.Cr.App.1976), a robbery prosecution, it was held that the admission of a codefendant's confession which implicated the defendant did not violate evidentiary law concerning hearsay where the co-defendant testified favorably to the defendant and contradictory to his confession and the jury was instructed that the witness' confession was not to be considered evidence of guilt of anyone other than such co-defendant witness. See also *Stutes v. State,* 530 S.W.2d 309, 312–313 (Tex.Cr.App.1975); *Bellah v. State,* 415 S.W.2d 418 (Tex.Cr.App.1967) (defendant's brother was witness).

---

1. See *Juan Aranda v. State,* 640 S.W.2d 766 (Tex.App.—San Antonio 1982).

In his brief appellant concedes in passing that the confession could be used for impeachment purposes, "but it could not be admitted in toto as it was in this case." Appellant's apparent argument is that at the end of the cross-examination of the co-defendant brother his written confession was offered into evidence and admitted for the purpose of impeachment. Appellant does not claim he objected to such introduction and we have found no such objection. Nothing is presented for review on this matter.

Where a witness unequivocally admits a prior statement is inconsistent with his trial testimony the process of impeachment is accomplished and other evidence of the prior statement or confession is inadmissible. *Lafoon v. State*, 543 S.W.2d 617 (Tex.Cr.App.1976); *Brown v. State*, 523 S.W.2d 238 (Tex.Cr.App.1975); *Wood v. State*, 511 S.W.2d 37 (Tex.Cr.App. 1974); see also *Showery v. State*, 690 S.W.2d 689, 698 (Tex.App.1985). After a review of the cross-examination of the co-defendant it would be difficult to say that the witness unequivocally admitted that his confession was inconsistent with his trial testimony.

Under the circumstances presented no error is shown.

Appellant also contends he was denied his basic constitutional guarantees because Article 37.071, V.A.C.C.P., is unconstitutional. He directs our attention to the provision of said Article 37.071, supra, which provides that at the penalty stage of a capital murder case evidence "may be presented as to any matter that the court deems relevant to sentence." He contends such provision denied him the equal protection of the law and the due process of the law. This contention has been advanced before and decided contrary to appellant's argument. See, e.g., *Williams v. State*, 622 S.W.2d 116 (Tex.Cr.App.1981), cert. den. 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982); *Smith v. State*, 676 S.W.2d 379 (Tex.Cr.App.1984), cert. den. 471 U.S. 1061, 105 S.Ct. 2173, 85 L.Ed.2d 490 (1985); *Nethery v. State*, 692 S.W.2d 686 (Tex.Cr.App.1985), cert. den. 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986). We adhere to those decisions. The point of error is overruled.

Lastly appellant complains of the admission into evidence at the penalty stage of the trial of his prior 1966 conviction for burglary. He claims he was 17 years old at the time and under the penal laws he could be tried as an adult while at the time a 17-year-old female could not be tried as an adult absent certification from the juvenile court, citing Article 2338-1, V.A.C.S., as amended 1965. See also Article 30, V.A. P.C. (1925), in effect in 1966.

First, we observe that when the pen packet concerning the said burglary conviction and the testimony of the fingerprint expert was offered there was no objection on the basis now presented on appeal. Even if appellant had timely objected on this basis his contention has been foreclosed by the decision in *Ex parte Matthews*, 488 S.W.2d 434 (Tex.Cr.App.1973). There this Court noted the seventeen/eighteen year old classification from Article 2338-1 and Article 30, but concluded that all per sons were amenable to punishment under the Penal Code except persons under the age of 15 years. Matthews was denied relief because he was 17 years of age at the time of the offense and was amenable to prosecution under the Penal Code. See also *Ex parte Tullos*, 541 S.W.2d 167 (Tex. Cr.App.1976).[2] Later in *Ex parte Trahan*, 591 S.W.2d 837 (Tex.Cr.App.1979), *Matthews* was modified to interpret the statutes so that all persons over 17 years of age were amenable to prosecution under the Penal Code. Both statutes remained effective to the extent they established a uniform age limit of 17 years for persons of either sex. Appellant was a 17-year-old male at the time of his 1966 burglary con-

---

2. In *Tullos* it was held that the statute which subjects 17-year-old males, but not 17-year-old females, to punishment of confinement for the offense of driving while intoxicated, unconstitu-
tionally discriminates on the basis of sex, but the statute was held unconstitutional only with respect to the provision for 17-year-old females.

viction. His contention is without merit. The point of error is overruled.

The judgment is affirmed.

CLINTON and TEAGUE, JJ., concur in the result.